UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| UNITED STATES OF AMERICA, | Case No. 2:05-CR-58 JCM (GWF) |
|---|---|
| Plaintiff(s), | ORDER |
| v. | |
| KENYON DEVERS, | |
| Defendant(s). | |

Presently before the court is defendant Kenyon Devers' motion for reconsideration. (ECF No. 151). The government did not file a response and the time to do so has passed.

On November 9, 2006, the court sentenced defendant to 87 months of custody to be followed by a lifetime term of supervised release for two counts of transporting a minor for prostitution. (ECF Nos. 93, 96). On August 4, 2011, defendant commenced his term of supervised release. *See* (ECF No. 116).

On January 25, 2012, the court revoked defendant's term of supervised release for living from the earnings of a prostitute in violation of NRS 201.300. (ECF Nos. 139, 141). The court sentenced defendant to time served to be followed by a lifetime term of supervised release. *Id*.

On March 22, 2019, defendant filed a motion for early termination of supervised release. (ECF No. 147). On April 16, 2019, the court denied defendant's motion. (ECF No. 150). Now, defendant moves for reconsideration. (ECF No. 151).

A motion for reconsideration "should not be granted, absent highly unusual circumstances." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or

James C. Mahan
U.S. District Judge

1  (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5

2  F.3d 1255, 1263 (9th Cir. 1993).

3        Defendant argues that the court should vacate its April 16, 2019, order because the court

4  committed clear error by (1) holding that defendant's compliance with his terms of supervised

5  release is not sufficient grounds for early termination of supervised release and (2) giving

6  significant weight to defendant's previous revocation of supervised release. (ECF No. 151). The

7  court disagrees.

8        It well-established that compliance with the terms of supervised release is not adequate

9  grounds for early termination because courts expect compliance from every defendant. *See*

10 *United States v. Bauer*, No. 5:09–cr–00980, 2012 WL 1259251, at *2 (N.D. Cal. Apr. 13, 2012);

11 *see also United States v. Sine*, No. Cr-S-01-079 KJM, 2012 WL 1901298 at *2 (E.D. Cal. May

12 24, 2012); *see also United States v. McComb*, No. 3:11-cr-00050-RJC-VPC-1, 2014 WL

13 4636034 at *1 (D. Nev. Sept. 16, 2014); *see also United States v. Hawatmeh*, CR 08-00385-

14 VBF-3, 2014 WL 11970544 at *4 (C.D. Cal. Sept. 19, 2014); *see also Folks v. United States*,

15 733 F.Supp.2d 649, 651 (W.D.N.C. 2010); *see also United States v. Weintraub*, 371 F. Supp. 2d

16 164, 166–67 (D. Conn. 2005).

17       As for defendant's prior revocation, the court is not persuaded by defendants' contention

18 that violating Nevada's sex trafficking laws does not amount to a sex crime. Nor does the court

19 believe, as defendant puts it, that sex trafficking "is illegal only for largely undiscernible moral

20 reasons." *See* (ECF No. 151). Without delving into the philosophical literature on applied

21 ethics, the court notes that the Ninth Circuit has recognized that the remarkable punishments for

22 sex crimes represent the moral condemnation of the community. *United States v. Pepe*, 895 F.3d

23 679, 688–89 (9th Cir. 2018).

24       Lastly, defendant fails to acknowledge the court's concern over defendant violating

25 Nevada's sex trafficking laws six years after having been convicted of a sex crime. Defendant's

26 relapse after such an extended period of time is particularly alarming because it puts into

27 question whether defendant is at risk of a similar relapse. For these reasons, the court did not

28 commit any error in denying defendant's motion for early termination.

**James C. Mahan**
**U.S. District Judge**

1    Accordingly,

2        IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion for

3    reconsideration (ECF No. 151) be, and the same hereby is, DENIED.

4        DATED May 24, 2019.

5                                                    _____
                                                     UNITED STATES DISTRICT JUDGE
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**James C. Mahan**
**U.S. District Judge**
                                              - 3 -